UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

AKIL SAEED DANIELS,

Defendant.

Case No.: 22cr2505-LL-1

**ORDER CLARIFYING RULINGS ON MOTIONS IN LIMINE 26-4, 26-6**

**[ECF No. 39]**

On January 19, 2023, the Court heard oral argument on the parties' motions in limine. *See* ECF No. 38. At that time, the Court granted the Government's motion in limine [ECF No. 26 at 11 ("motion in limine 26-4")] to admit lay testimony by FBI Special Agent Justine Moquino ("SA Moquino"). *Id.* The Court articulated that such testimony may not include testimony about Cellebrite itself or any reports produced by Cellebrite. The Court also granted the Government's motion in limine to admit the content from Defendant Akil Saeed Daniels's phone [ECF No. 26 at 13-14 ("motion in limine 26-6")]. *Id.* The Court noted that, given the absence of a duly noticed expert to testify about the reliability of data extracted through Cellebrite, and SA Moquino's limited ability to testify as a lay witness, only the contents of Defendant's phone acquired by manual review of the phone may be admitted if sufficient foundation can be established.

1

The Government subsequently filed supplemental briefing seeking clarification on the Court's ruling. ECF No. 39. Defendant filed a brief in response to the Government's filing. ECF No. 40. The Government avers that it understands that the Court's ruling permits testimony by SA Moquino "that the agent took the phone to RCFL and retrieved an extraction and extraction report on a USB drive after plugging in the phone into the Cellebrite machine and letting it run overnight." ECF No. 39 at 4. More specifically, the Government submits that it will elicit testimony about what Cellebrite does, how SA Moquino used it in the course of her investigation to extract data from the subject phone, that those actions yielded readable text of the downloaded data, a link to images downloaded from the phone, and extraction reports, and that she could select what data to extract from the phone through Cellebrite. *See id.* It also contends that it will seek to admit evidence obtained from the Cellebrite extraction and that an agent will testify about items or images seen in it. *Id.* Together with its brief, the Government also submitted a declaration from FBI Master Digital Forensic Examiner Mark Gonyea "explaining the process of extracting data from a phone for further background on the process and how non-expert FBI agents use it every day." *Id.*

The Government's proposed testimony contravenes this Court's rulings on its motions in limine, as memorialized elsewhere in this Order. While the Government cites a number of non-binding cases in support of its argument that lay testimony on Cellebrite data should be admitted, the Court finds that the instant case is distinguishable from those cited. For instance, the Ninth Circuit in *United States v. Ovies* specifically stated that it "decline[s] to reach the question whether the introduction of Cellebrite evidence requires expert testimony," noting that the defendant was not prejudiced by lay testimony regarding Cellebrite data because there was independent testimony about the contents of his text messages and phone calls. 783 F. App'x 704, 707 (9th Cir. 2019). Likewise, the Ninth Circuit in *United States v. McLeod* failed to reach the question of whether testimony regarding the use and extraction of Cellebrite data qualified as or required expert testimony, instead finding that the defendant was not prejudiced by the inclusion of such testimony.

22cr2505-LL-1

755 F. App'x 670, 674 (9th Cir. 2019) ("even assuming that the district court erred in admitting [Cellebrite testimony] . . . the error was harmless because McLeod's conviction was not ultimately attributable to that error."). While the Ninth Circuit in *United States v. Seugasala* stated, without explanation, that admitting evidence obtained from Cellebrite data without expert testimony survived plain error review, 702 F. App'x 572, 575 (9th Cir. 2017), in the absence of binding authority specific to the admission of lay testimony on the use and extraction of data using Cellebrite, the Court finds the commentary to the Federal Rules of Evidence and binding authority on the proper scope of testimony under Rules 701 and 702 to be instructive.

Rule 701 of the Federal Rules of Evidence governs the admission of opinion testimony by lay witnesses, and requires that such testimony be limited to opinions "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701(c). Instead, such opinions must be proffered as expert testimony which falls under the ambit of Rule 702. *See* Fed. R. Evid. 702. Rule 701 was specifically "amended to eliminate the risk that the reliability requirements set forth in Rule 702 will be evaded through the simple expedient of proffering an expert in lay witness clothing." Fed. R. Evid. 702 advisory committee's note to 2000 amendments. On the other hand, "[a]n expert may be qualified to give expert testimony by 'knowledge, skill, experience, training, or education,' Fed. R. Evid. 702, which need only exceed 'the common knowledge of the average layman.'" *United States v. Holguin*, 51 F.4th 841, 854 (9th Cir. 2022) (quoting *United States v. Finley*, 301 F.3d 1000, 1007 (9th Cir. 2002)).

The declaration of Gonyea notes that while it is "certainly the case" that special expertise "is required to testify about forensic examinations concerning cellular phones[,]" "Cellebrite extractions do not require the *same* expertise." ECF No. 39-1 at 2 (emphasis added). Gonyea states that "[b]asic mobile phone extraction and processing is a user level task that takes about 5 minutes of instruction and minimal guidance. The software does all the work." *Id.* He further notes that, as the most senior forensic examiner and operations manager for the cell phone forensic program in the San Diego Regional Computer Forensic

Lab ("RCFL"), it is RCFL's practice that FBI agents undergo training to use Cellebrite software and that "every law enforcement agent is qualified to perform basic Cellebrite phone extractions." *Id.* at 1-2. Gonyea's statements further militate in favor of finding that the use and interpretation of the Cellebrite program and its products is properly considered under the standard set forth by Rule 702.

Even "knowledge that is ordinary among their law enforcement colleagues" is properly the subject of Rule 702 testimony, and "[m]any people who have received the same training and experience will have the same specialized knowledge beyond the jury's common knowledge of a topic." *Holguin*, 51 F.4th at 854. In other words, "[t]he mere percipience of a witness to the facts on which he wishes to tender an opinion does not trump Rule 702." *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1246 (9th Cir. 1997) (holding that "testimony based on the . . . training, and experience of the witness" is properly characterized as expert testimony under Rule 702).

\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\
\\\

22cr2505-LL-1

Having considered the parties' supplemental filings, the Federal Rules of Evidence, and the applicable case law, the Court reiterates its prior rulings on the Government's motions in limine 26-4 and 26-6. Because training and therefore specialized knowledge beyond the common knowledge of the jury was required to operate, obtain, and interpret data using Cellebrite, the Government's lay witness may not testify as to the general use and purpose of Cellebrite or how it was used in the course of their investigation to extract data, including the inputs or outputs of the program.[1] Accordingly, the Government may not introduce any evidence obtained from the Cellebrite extraction, such as images or other data.

**IT IS SO ORDERED**.

Dated:  January 23, 2023

_____
Honorable Linda Lopez
United States District Judge

---

[1] The Government has not noticed an expert witness to testify regarding Cellebrite. As such, the Court's discussion is limited to whether the scope of SA Moquino's testimony exceeds that of Rule 701. The Court does not express an opinion as to the reliability of Cellebrite or SA Moquino's qualifications to testify as an expert under Rule 702.

22cr2505-LL-1