UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>AKIL SAEED DANIELS,<br><br>          Defendant. | Case No.: 22cr2505-LL-1<br><br>**ORDER DENYING MOTIONS TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(2).**<br><br>**[ECF Nos. 102, 103]** |

  Defendant Akil Saeed Daniels moves the Court for a reduction in his sentence, pursuant to 18 U.S.C. § 3582(c), based on the United States Sentencing Commission's amendment to section 4A1.1 of the United States Sentencing Guidelines.[1] ECF Nos. 102, 103. The Government has not filed a response in opposition to Defendant's Motions. For the reasons stated below, the Court **DENIES** Defendant's Motions **WITHOUT PREJUDICE** to refiling after the resolution of Defendant's pending appeal.

---

[1] Amendment 821 to the Sentencing Guidelines, which has retroactive effect, removes a two-level addition of status points for commission of an offense while under any criminal justice sentence and substitutes a one-level addition for defendants who otherwise present seven or more status points. U.S.S.G. Supplement to App. C., amend. 821 Part A (effective Nov. 1, 2023) (amending U.S.S.G. § 4A1.1); § 1B1.10 (giving retroactive effect).

1

## I.  BACKGROUND

On January 27, 2023, a jury found Defendant guilty of two counts of bank robbery in violation of 18 U.S.C. § 2113(a). ECF No. 65. Subsequent to trial, Defendant filed a post-trial motion, through counsel, to compel DNA testing and preserve evidence. ECF No. 72. Defendant also attempted to file a motion for ineffective assistance of counsel, directly with the Court, for failure to file a timely post-trial motion. ECF No. 73.[2] Defendant later withdrew his motion for ineffective assistance of counsel. ECF No. 84. On April 24, 2023, the Court denied the post-trial motion and sentenced Defendant to 110 months' imprisonment followed by three years of supervised release. ECF No. 86.

On April 26, 2023, Defendant filed a notice of appeal. ECF No. 87. The appeal is still pending before the Ninth Circuit Court of Appeals. In November, Defendant filed two separate documents titled as a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2). ECF Nos. 102-103. While only one of those Motions was dated, they were docketed on November 6, 2023, and November 13, 2023, respectively. *Id.* Both Motions argue that the United States Sentencing Commission's amendment to § 4A.1.1(d) of the sentencing guidelines, which became effective on November 1, 2023, "would reduce the total point status for Mr. Daniels and would significantly reduce [his] prison sentence[.]" ECF Nos. 102 at 2, 103 at 2. As such, Defendant requests that this Court resentence him in accordance with the amended sentencing guidelines. *Id.*

## II.  JURISDICTION

As a threshold matter, Defendant's Motions for resentencing are subject to denial because this Court does not have jurisdiction. It is undisputed that Defendant currently has an active appeal before the Ninth Circuit Court of Appeals challenging the final judgment

---

[2] Defendant's counsel timely filed the post-trial motion and Defendant later withdrew this motion. *See* ECF No. 84. Defendant also attempted to lodge several other letters, regarding ineffective assistance of counsel, directly with the Court, which were docketed in this case and made accessible only to counsel of record pursuant to General Order 734. ECF Nos. 75-77.

and sentence imposed by this Court. As such, this Court has been divested of jurisdiction, and will not regain jurisdiction until the court of appeals has issued its mandate. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993) (applying *Griggs* in the criminal context); *United States v. Maldonado-Rios*, 790 F.3d 62, 64 (1st Cir. 2015) (per curiam) (holding that the district court lacked jurisdiction to rule on a defendant's motion under § 3582(c)(2) while their appeal was pending).

Once Defendant filed his notice of appeal to the Ninth Circuit, this Court lost jurisdiction to grant Defendant's § 3582 Motions for a reduction in sentence. Defendant appealed the final judgment in his case, which includes both his conviction and sentence, and now asks this Court to consider a reduction in his sentence. Both of these actions relate to Defendant's sentence, and this Court therefore lacks jurisdiction to rule on the instant Motions. *Griggs*, 459 U.S. at 58.

### III. DISCUSSION

Federal Rule of Criminal Procedure 37 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the court may proceed in no less than three ways. Fed. R. Crim. P. 37(a). The Court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for the purpose or that the motion raises a substantial issue." *Id.*; *see also* Fed. R. Crim. P. 37 advisory committee's note to 2011 amendment (Noting that § 3582(c) motions are one of the three types of motions for which Rule 37 was anticipated to be used "primarily if not exclusively").

In light of Defendant's ongoing appeal of his conviction and sentence, the Court declines to defer consideration or provide an indicative ruling in the absence of jurisdiction.

## IV. CONCLUSION

Accordingly, Defendant's Motions for resentencing under 18 U.S.C. § 3582(c) are **DENIED WITHOUT PREJUDICE** to refiling once this Court regains jurisdiction. ECF Nos. 102-103. *See* Fed. R. Crim. P. 37(a)(2).

**IT IS SO ORDERED**.

Dated:  December 13, 2023

_____
Honorable Linda Lopez
United States District Judge